**UNITED STATES DISTRICT COURT**
**EASTEREN DISTRICT OF NEW YORK**

---

**PRECISION WELLNESS LLC,** a
New York limited liability company,

      Plaintiff,

— against —

**DEMETECH CORPORATION**, a
Florida corporation,

      Defendants.

Case No.:

**VERIFIED COMPLAINT**

---

Plaintiff, PRECISION WELLNESS LLC, by its attorneys, Criscione Ravala, LLP, as and for a Complaint against Defendant, DEMETECH CORPORATION, alleges, upon information and belief, as follows:

### NATURE OF ACTION

1. This is an action by Plaintiff to recover for breach of contract, breach of covenant of good faith and fair dealing, and unjust enrichment, as relating to Defendant's willful failure to pay Plaintiff agreed upon compensation, as well as for damages, interest, costs, and attorneys' fees.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over the action pursuant to 28 U.S.C. §1332(a)(1) as complete diversity exists between the Plaintiff and the Defendant, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

3. This Court has personal jurisdiction over the Defendant because the Defendant continuously, regularly, and systematically conducts and/or transacts business in the State of New York.

4. Venue in this District is proper pursuant to 28 U.S.C.§1391(b)(2) and 28 U.S.C.§1391(b)(3) as a substantial part of the events or omissions giving rise to the claim occurred in this judicial district, and because Plaintiff is a domestic limited liability company formed in this District, and Defendant is subject to personal jurisdiction in this judicial district.

**PARTIES**

5. At all times relevant hereto, Plaintiff PRECISION WELLNESS LLC ("Precision") is a New York limited liability company organized under the laws of the State of New York with its principal place of business in Nassau County, New York.. Its members and officers compromise of one individual, one who is a citizen and domiciliary of the State of New York.

6. At all times relevant hereto, Defendant DEMETECH CORPORATION ("Demetech") is a Florida corporation, organized under the laws of the State of Florida with its principal place of business in Miami-Dade County, Florida. Upon information and belief, its members and officers compromise of five individuals, each of whom are a citizen and domiciliary of the State of Florida.

**FACTUAL ALLEGATIONS**

7. Precision provides health care technology and hardware services along with a powerful pandemic management system.

8. Through its experience in the medical supply industry, Precision has developed relationships with companies including Honeywell, Inc., a Fortune 100, billion-dollar multinational conglomerate.

9. Demetech is a manufacturer of Personal Protective Equipment ("PPE") including surgical masks.

10. Due to the COVID-19 Pandemic, there has been an increased demand for PPE,

including surgical masks.

11. On or about October 23, 2020, Precision's Chief Executive Officer Tash Qayyum, emailed Demetech to inquire about purchasing 2.2 million surgical masks.

12. Demetech's Vice President, Luis Arguello Jr. responded to Qayyum, and the parties spoke on the phone to discuss Demetech's ability to fulfill large purchase orders and Qayyum's business relationships with companies interested in purchasing PPE.

13. During a meeting between Qayyum and Arguello at Demetech's offices, Qayyum mentioned that he had a relationship with several companies, including a large Fortune 100 company (Honeywell) that was interested in placing a substantial purchase order for PPE.

14. After their in-person meeting, Qayyum emailed Arguello Jr.:

> As discussed, I am making calls as Demetech Distributor to few important companies. I know as you mentioned, you are working on the NDA/NCNDA with my company and my Distributor Agreement.

**See** October 26, 2020 emails, attached hereto as **Exhibit A**.

15. About an hour later, Arguello Jr. responded to Qayyum's email with the subject line "honeywell" and stated:

> Tash,
> As discussed, for Honeywell, we can pay 10% commission for pricing above .25, and 5% for pricing below .25 per surgical mask.
> We can formalize into an agreement once we see viability of the project.

See **Exhibit A.**

16. The parties continued to discuss their business relationship whereby Qayyum would receive a commission for PPE sales attributable to his industry contacts/clients.

17. Eager to receive a purchase order through Precision's contacts at Honeywell, Arguello, on behalf of Demetech prepared an independent contractor agreement, finalizing Demetech's agreement to pay Precision 5% of all business generated through Precision.

18. On November 2, 2020, the parties formalized their agreement when an "Independent Contractor Agreement" was formally executed setting forth the terms of the parties' agreement: Demetech would pay Precision a 5% commission of the products' sales price for all sales generated by Precision's contacts, which include Honeywell. The Independent Contractor Agreement is attached hereto at **Exhibit B.**

19. The Independent Contractor bears the Demetech corporate seal and was signed by Luis Arguello Jr. on November 2, 2020. **Exhibit B.**

20. Arguello Jr. emailed the executed Independent Contractor Agreement to Qayyum, explaining "Attached is a commission letter." See Arguello Jr. November 2, 2020 email to Qayyum at **Exhibit C.**

21. In reliance on the Independent Contractor Agreement, Qayyum convinced certain high-level employees at Honeywell to meet with Demetech and then formally introduced Demetech to the Honeywell employees.

22. On or about November 3, 2020, Honeywell placed at least one $2,100,000.00 order with Demetech. (November 3, 2020 purchase order).

23. On or about November 5, 2020, Honeywell placed another purchase order with Demetech totaling $4,200,000.00. (November 5, 2020 purchase order).

24. After Honeywell placed the November 3 and November 5, 2020 orders with Demetech, totaling $6,300,000.00, Arguello Jr. abruptly ceased all communications with Qayyum.

25. Arguello Jr. ignored Qayyum's multiple emails concerning his commission payments due under the Independent Contractor Agreement. Specifically, Arguello Jr. ignored Qayyum's emails sent on December 2, December 7, December 14, and December 18, 2020. (December 2, 7, 14, and 18, 2020 emails).

26. To date, Demetech has refused to pay Precision the 5% commissions due under the

Independent Contractor Agreement, which at a minimum, totals $315,000.00 for November 3 and November 5 purchase orders.

27. Qayyum is aware that Honeywell has placed, and continues to place additional purchase orders with Demetech, which are subject to the Independent Contractor Agreement, but Demetech has refused to disclose any information regarding these subsequent purchase orders with Qayyum, or provide any accounting thereof.

28. Precision is unable to calculate its damages without Demetech being ordered to disclose all further purchase orders placed and/or to be placed by Honeywell.

29. All conditions precedent to the filing of the lawsuit have occurred, have been waived, or have been excused.

30. Precision has hired the undersigned counsel and is obligated to pay the undersigned counsel reasonable attorney's fees.

## COUNT I
## BREACH OF CONTRACT

31. Precision repeats and realleges paragraphs 1 through 30, above, as if fully set forth herein.

32. Precision and Demetech entered into an Independent Contractor Agreement whereby Demetech would pay precision 5% of all purchase orders placed by Precision's clients, including, but not limited to, Honeywell. See **Exhibit B** – Independent Contractor Agreement.

33. After the parties entered into the Independent Contractor Agreement, Honeywell placed at least two purchase orders with Demetech totaling $6,300,000.00.

34. Demetech breached the payment term of the Independent Contractor Agreement when Demetech refused to pay Precision all sums due related to Honeywell's purchase orders.

35. Demetech's breach of the Independent Contractor Agreement has caused Precision damages of at least $315,000.00, though the precise amount of Precision's damages cannot be ascertained until Demetech discloses all purchase orders it has received from Honeywell.

WHEREFORE, Plaintiff PRECISION WELLNESS LLC demands judgment against Defendant DEMETECH CORPORATION for the payment of all sums due under the Independent Contractor Agreement; reasonable attorney's fees and costs, and for any and all further relief this Court deems just and appropriate.

## COUNT II
## BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

36. Precision repeats and realleges paragraphs 1 through 30, above, as if fully set forth herein.

37. Precision and Demetech entered into an Independent Contractor Agreement whereby Demetech would pay precision 5% of all purchase orders placed by Precision's clients, including, but not limited to, Honeywell. See **Exhibit B**.

38. Implied in all contacts is a covenant of good faith and fair dealing, which is part of the performance of specific contractual obligations.

39. After the parties entered into the Independent Contractor Agreement, Precision's client, Honeywell, placed at least two purchase orders with Demetech totaling $6,300,000.00.

40. Demetech breached the payment term of the Independent Contractor Agreement by refusing to pay Precision all sums due related to Honeywell's purchase orders.

41. In breaching the payment term of the Independent Contractor Agreement, Demetech violated its implied duty of good faith and fair dealing as such breach occurred not due

to an honest mistake, bad judgment, or negligence, but due to Demetech's conscious and deliberate effort to avoid its duty to pay Precision the 5% commission owed to it.

42. Additionally, Demetech violated its implied duty of good faith and fair dealing when Demetech refused to disclose to Precision all purchase orders placed by Honeywell, subsequent to the November 3, 2020 and November 5, 2020 purchase orders about which Precision has knowledge.

43. Precision reasonably expected, that pursuant to the Independent Contractor Agreement, Demetech would inform Precision of all purchase orders placed by Precision's clients, including Honeywell, to enable the parties to calculate all sums due to Precision under the Independent Contractor Agreement.

44. Such violations by Demetech have frustrated the agreed upon common purpose of the Independent Contractor Agreement and have disappointed the reasonable expectations of Precision, thus depriving Precision of the benefits of the Independent Contractor Agreement.

45. Demetech's breach of the implied duty of good faith and fair dealing has caused Precision damages.

WHEREFORE, Plaintiff PRECISION WELLNESS LLC demands judgment against Defendant DEMETECH CORPORATION for the payment of all damages that have resulted from Defendant's breach of its implied duty of good faith and fair dealing, including but not limited to payment of all sums due under the Independent Contractor Agreement; reasonable attorney's fees and costs, and for any and all further relief this Court deems just and appropriate.

## COUNT II
## UNJUST ENRICHMENT

46. Precision repeats and realleges paragraphs 1 through 16, 22-24, and 28-30 above, as if fully set forth herein.

47. This is an action for unjust enrichment pled in the alternative to other causes of action alleged herein.

48. Precision conferred a benefit on Demetech by introducing Demetech to Honeywell for the purpose of Demetech selling PPE to Honeywell.

49. Precision's efforts in introducing Demetech to Honeywell, and in convincing Honeywell to work with Demetech, resulting in Demetech receiving numerous lucrative purchase orders from Honeywell.

50. Demetech knowingly and voluntarily accepted and retained the benefit of Precision's introduction of Demetech to Honeywell.

51. Demetech recognized the value of the benefit by agreeing that Precision should receive as compensation a percentage of all sales to Honeywell.

52. Under the circumstances, it would be inequitable for Demetech to retain such benefit without first paying Precision the value thereof.

53. Precision is entitled to the value of the benefit conferred upon Demetech and has been damaged by Demetech's refusal to pay Precision the value of the benefit conferred.

WHEREFORE, Plaintiff PRECISION WELLNESS LLC demands judgment against Defendant DEMETECH CORPORATION for the payment of all damages that have resulted from Defendant's unjust enrichment; reasonable attorney's fees and costs, and for any and all further relief this Court deems just and appropriate.

## COUNT IV
## INJUNCTIVE RELIEF

54. Precision repeats and realleges paragraphs 1 through 30, above, as if fully set forth herein.

55. This is an action for an injunction (1) to prohibit Demetech from continuing to accept purchase orders from Honeywell until Demetech complies with its contractual obligations to Precision; (2) to require Demetech to disclose all purchase orders it received from Honeywell from November 1, 2020 to present; (3) to require Demetech to deposit 5% of the proceeds of all Honeywell purchase orders pending resolution of this action.

56. Precision and Demetech entered into an Independent Contractor Agreement whereby Demetech would pay precision 5% of all purchase orders placed by Precision's clients, including, but not limited to, Honeywell. See **Exhibit B** – Independent Contractor Agreement.

57. Demetech has refused to pay Precision all sums due under the Independent Contractor Agreement.

58. Demetech has also concealed the value of all purchase orders placed by Honeywell, such that Precision is unsure of the total value that it is entitled to receive under the Independent Contractor Agreement.

59. Demetech's actions—concealing the Honeywell purchase orders that Precision singlehandedly brought to fruition—justifies a temporary injunction, pending trial in this action.

60. There is a substantial likelihood that Precision will succeed on the merits of its clear-cut claims, as Precision's claims are well documented both in an Independent Contractor Agreement and in emails from Demetech's Vice President.

61. Precision has and will continue to suffer irreparable injury unless an injunction issues because Demetech's repeated refusal to respond to Precision's reasonable requests for information reveals that Demetech has no intent of honoring the parties' agreement.

62. The threatened injury to Precision outweighs any injury to Demetech as Demetech would not have received the benefits of the Honeywell relationship without Precision's

introduction, and an injunction would merely compel Demetech to do what it contractually agreed to do.

63. Precision does not have an adequate remedy at law because a money judgment does not resolve the issue of Demetech concealing what sums should be due to Precision and continued breaches of the Independent Contractor Agreement.

64. The public interest would not be harmed if the injunction issues because the public interest favors upholding contractual rights and encouraging commerce.

Plaintiff PRECISION WELLNESS LLC demands entry of a temporary injunction against Defendant DEMETECH CORPORATION (1) to prohibit Demetech from continuing to accept purchase orders from Honeywell until Demetech complies with its contractual obligations to Precision; (2) to require Demetech to disclose all purchase orders it received from Honeywell from November 1, 2020 to present; (3) to require Demetech to deposit 5% of the proceeds of all Honeywell purchase orders pending resolution of this action; and (4) and for any and all further relief this Court deems just and appropriate.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully requests that this honorable Court enter judgment:

A. Against Defendant; and

B. Award Plaintiff actual damages in an amount to be determined at trial, but at least $315,000.00;

C. Award Plaintiff all other compensatory, economic, incidental, liquidated, and punitive damages on all causes of actions where allowable; and

D. Award Plaintiff pre-judgment and post-judgment interest on all causes of actions where allowable; and

  E. Award Plaintiff costs, disbursements, and attorneys' fees; and

  F. Award such other further relief, whether in law or equity, as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: New York, NY
   March 01, 2021

              Respectfully Submitted,

             **CRISCIONE RAVALA, LLP**

             */s/ M. Salman Ravala*
             M. Salman Ravala, Esq
             250 Park Avenue, 7th Fl
             New York, NY 10177
             T: (212) 920-7142
             F: (800) 583-1787
             E: SRavala@lawcrt.com

## VERIFICATION

STATE OF NEW YORK        )
                         ) ss.:
COUNTY OF NASSAU         )

TASHFEEN QAYYUM, being over 18 years of age, being duly sworn, deposes and says: That I am a duly authorized representative for the corporate Plaintiffs named in the Complaint, that I duly executed the same, and that the contents of said Complaint are true to my own knowledge except as to those facts alleged upon information and belief, and that as to those facts I believe same to be true.

_____
Tashfeen Qayyum

Sworn to and subscribed before me

this ~~3rd~~ 2nd day of March, 2021.

_____
Notary Public

DANIEL M MILLER
Notary Public - State of New York
NO. 01MI6382318
Qualified in Suffolk County
My Commission Expires Oct 22, 2022

12